*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2013 AUG 28 PM 2: 25

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | **CRIMINAL CASE NO. CF399-13** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER** |
| MANNIX F. SONGENI, | ) | **(Ex Parte Motion to Withdraw as Counsel)** |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

On August 26, 2013, this matter came before the Honorable Judge Vernon P. Perez on Defendant Mannix F. Songeni's ("Defendant") Counsel, Attorney Douglas B. Moylan's Motion to Withdraw as Counsel. Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

On July 19, 2013, Defendant was charged with aggravated assault, disorderly conduct, and public drunkenness. Defendant initially waived his right to a speedy trial on July 30, 2013. Defendant then asserted his right to a speedy trial on August 21, 2013. Jury selection and trial has been set for October 1, 2013.

## DISCUSSION

Attorney Moylan seeks to withdraw from this case on grounds stated in 1.16(b) of the Guam Rules of Professional Conduct. To determine if withdrawal is proper, the Court relies on the Guam Rules of Professional Conduct adopted from the 2002 ABA Model Rules of Professional Conduct. Rule 1.16 provides:

**RULE 1.16: DECLINING OR TERMINATING REPRESENTATION**

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the rules of professional conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) the lawyer is discharged.

(b) Except as stated in paragraph (e), a lawyer may withdraw from representing a client if:

**(1) withdrawal can be accomplished without material adverse effect on the interests of the client;**

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

**(7) other good cause for withdrawal exists.**

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any

Decision and Order
Criminal Case No. CF399-13

advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Guam R. Pof'l Conduct 1.16 (emphasis added).

Attorney Moylan maintains that he is preparing for an upcoming trial on September 3, 2013, which could last until the end of September and possibly go into October. Further, Attorney Moylan notes that there is no other counsel able to represent his client in that matter. As a result, Attorney Moylan argues that he does not believe that he can zealously and effectively represent the Defendant in this matter. Attorney Moylan further argues that there are other counsel that can represent Defendant in this matter and that his withdrawal may be accomplished without material adverse effect on the interest of Defendant.

After considering the nature of the charges, and the proximity of the trial date previously set, the Court finds that Attorney Moylan has demonstrated good cause for withdrawal, and more importantly, that withdrawal may be accomplished without material adverse effect on the interests of Defendant.

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Attorney Moylan's Motion to Withdraw as Counsel for Defendant Mannix F. Songeni.

**SO ORDERED** this 28th of August 2013.

_____
**HONORABLE VERNON P. PEREZ**
**JUDGE, SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

AUG 18 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam

Decision and Order
Criminal Case No. CF399-13